IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

NATHANIEL MARSAW, et al                                                    PLAINTIFFS

v.                                                          CIVIL ACTION NO. 3:09CV176-DPJ-MTP

GEORGE SHELBY, ET AL                                                       DEFENDANTS

**ORDER**

This identity-theft case is before the Court on the following motions: Defendants' Motion to Dismiss [44]; Plaintiff's Motion for Default Judgment [48]; and Defendant's Motion to Set Aside Default [52]. Having fully considered the parties' submissions and the applicable law, the Court finds that Defendants' motion to dismiss should be denied, Plaintiff's motion for default judgment should be denied, and Defendant's motion to set aside clerk's entry of default should - be granted.

I.      Motion to Dismiss

Defendants move to dismiss this proceeding under the Prison Litigation Reform Act, 42 U.S.C. § 1997e, because Plaintiff Nathaniel Marsaw failed to exhaust administrative remedies.[1] But Marsaw submitted evidence that he was not incarcerated when he filed suit and was not therefore a "prisoner" as defined by the Act. Defendants offered no reply, and the Court concludes that Defendants' motion should be denied. *Greig v. Goord*, 169 F.3d 165, 167 (2d

---

[1]The statute states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e (2006).

Cir. 1999) (reversing dismissal and holding that litigants "who file prison condition actions after release from confinement are no longer 'prisoners' for purposes of § 1997e(a) and, therefore, need not satisfy the exhaustion requirements of this provision").

II.     Motion for Default Judgment and Motion to Set Aside Clerk's Entry of Default

After two orders allowing additional time to serve Defendants, Plaintiffs served Dr. Kentrell Liddell on October 21, 2009.  Liddell failed to file a timely answer, prompting a clerk's entry of default.  On May 21, 2010, the Court entered an Order [35] denying an initial Motion for Default Judgment [27] for procedural defects.   Plaintiffs filed the present motion for default judgment on July 20, 2010.  Two days later, Liddell filed his answer [50] without leave of Court and immediately moved to set aside the Clerk's Entry of Default [52].

"Defaults are not favored[,] and their strict enforcement 'has no place in the Federal Rules.'"  *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc*., 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. FDIC*, 934 F.2d 681, 686 (5th Cir. 1991)).  "[E]ntries of default are serious; 'where there are no intervening equities, any doubt should be resolved in favor of the movant to the end of securing a trial upon the merits.'"  *Id*. (quoting *Lacy v. Sitel Corp*., 227 F.3d 290, 292 (5th Cir. 2000) (brackets and ellipsis omitted)).

An entry of default may be set aside under Rule 55(c) for "good cause."  "The requirement of good cause has generally been interpreted liberally."  *Id.* (internal punctuation and citation omitted).  Among the factors often recognized are (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, (3) whether a meritorious defense has been presented, and (4) whether the defendant acted expeditiously to correct the default.  *Id*.  "[A] party is not entitled to a default judgment as a matter of right, even where the

defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal quotations and citation omitted).

Weighing these factors in the present case renders a mixed result. First, it does not appear that the default was willful because questions regarding representation may have resulted in the delayed answer. Second, setting aside the clerk's entry of default will not prejudice Plaintiffs. Plaintiffs received two extensions to serve Liddell before service was perfected. Once served, Liddell did not timely answer, but "mere delay does not alone constitute prejudice," and "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy*, 227 F.3d at 293 (citation omitted). Third, Liddell presented an answer setting forth defenses. Finally, Liddell did not act expeditiously to correct the default. Given the strong policy against default and the lack of prejudice to Plaintiffs, the Court concludes that this is not one of those rare cases calling for default judgment.

Although default judgment will not be entered, Liddell's failure to comply with the Federal Rules of Civil Procedure caused Plaintiffs to unnecessarily incur expenses. Sanctions are appropriate, and Liddell is ordered to pay those reasonable attorneys' fees Plaintiffs incurred pursuing default judgment.[2] Finally, Liddell's Answer [50], filed without leave of court, is hereby stricken. Liddell shall file a responsive pleading no later than December 14, 2010.

---

[2] If the parties cannot agree on the reasonable amount of fees incurred, Plaintiff shall file a supplemental motion with a supporting affidavit establishing the amount due. Said motion must be filed no later than January 14, 2011.

III.     Conclusion

Defendants' Motion to Dismiss [44] is DENIED; Plaintiff's Motion for Default Judgment [48] is DENIED; and Defendant's Motion to Set Aside Clerk's Entry of Default [52] is GRANTED.

**SO ORDERED AND ADJUDGED** this the 7th day of December, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE